UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-457-F

| | | |
|---|---|---|
| STEPHEN AND TIFFANY MISEL, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MAZDA MOTOR OF AMERICA, INC., | ) | |
| a California corporation, | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion to Dismiss for Lack of Subject Matter

Jurisdiction [DE-10] filed by Defendant Mazda Motor of America, Inc. ("Mazda"). Plaintiffs

have filed a response, and the time for filing a reply has since passed. This motion is therefore

ripe for ruling.

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiffs Steven and Tiffany Misel ("Plaintiffs" or "Misels") initiated this action on

October 20, 2009, by filing a Complaint in this court alleging claims for violation of the North

Carolina New Motor Vehicles Warranties Act, N.C. Gen. Stat. § 20-351 *et seq.*, the Magnuson-

Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"), and breach of contract. The Misels'

claims arise out of alleged noncomformities with the warranty which accompanied the 2006

Mazda MX-5 Miata they purchased in 2006.

Mazda moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to

dismiss the Complaint for lack of subject matter jurisdiction, arguing that the amount in

controversy requirement of the MMWA has not been satisfied.

## II. STANDARD OF REVIEW

"The existence of subject matter jurisdiction is a threshold issue" which must be addressed before the merits of the case. *Jones v. American Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Rule 12(b)(1) provides dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. FED. R. CIV. P. 12(b)(1). Questions regarding subject matter jurisdiction may be raised by either party at any time or sua sponte by the court. *Plyler v. Moore*, 129 F.3d 728, 732 n.6 (4th Cir. 1997). The burden of establishing subject matter jurisdiction is on the party asserting its existence. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982).

## III. ANALYSIS

The MMWA creates a private right of action for certain breach of warranty obligations. Specifically, § 2310 of the MMWA provides:

> (1) Subject to subsections (a)(3) and (e) of the section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief–
>> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>> (B) in an appropriate district court of the United States, subject to paragraph (3) of his subsection.
>
> . . .
>
> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of his subsection–
>> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

2

15 U.S.C. § 2310(d). Accordingly, an aggrieved consumer may sue to enforce rights under the MMWA either in state court *or* federal court.

To bring suit in federal court, however, an aggrieved consumer must meet the requirements of 15 U.S.C. § 2310(d)(3). *See Saval v. BL Ltd.*, 710 F.2d 1027, 1049 (4th Cir. 1983)(per curiam)("Federal court jurisdiction, however, is limited by 15 U.S.C. § 2310(d)(3)."). Under the express terms of § 2310(d)(3), federal jurisdiction attaches to a MMWA claim where the amount in controversy is at least $50,0000 (exclusive of interests and costs) "computed on the basis of all claims to be determined in th[e] suit." Mazda contends that the Misels may not invoke this jurisdiction provision of the MMWA because (1) the amount in controversy associated with their MMWA claim does not exceed $50,000.00 and (2) they cannot rely on a claim for "punitive" treble damages under the North Carolina New Motor Vehicles Act to satisfy the amount in controversy requirement.

The Misels, for their part, concede that the amount in controversy for the MMWA claim, on its own, does not satisfy the $50,000 amount in controversy requirement. *See* Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss [DE-11] at p. 5 ("Plaintiffs request damages not just under MMWA, which relief alone does not add up to $50,000, but also under the [North Carolina New Motor Vehicles Act."). The Misels note, however, that § 2310(d)(3) states that the amount in controversy is to be "computed on the basis of all claims to be determined in th[e] suit," and therefore the court also should consider the treble damages they seek in their claim under the North Carolina New Motor Vehicles Act.

Although the Misels' reading of § 2310(d)(3) is, at first glance, may appear appealing, the court cannot agree that "all claims"is meant to encompass all federal and state law claims alleged

in a lawsuit.  As the District Court for the Southern District of California observed, "several factors counsel against relying solely on [the] plain meaning" of § 2310(d)(3):

> First, statutes cannot be read in a vacuum, for text without context is essentially meaningless.  If Subpart (B) is read *in pari materia* with Subparts (A) and (C), the validity of the plain meaning interpretation of the term "all claims" is cast into doubt.  Subparts (A) and (C) relate to the district court's jurisdiction over class action suits brought under the MMWA.  Subpart (A) sets a minimum dollar value of $25.00 for individual MMWA claims, and Subpart (C) sets a floor of one hundred named plaintiffs.  When Subpart (B) is read in context, it is apparent that the term "all claims" most likely refers to the sum of all individual MMWA claims contemplated in Subpart (A).  Thus, Subpart (A) established a minimum dollar value for individual MMWA claims, Subpart (B) establishes a minimum dollar value for the sum of all the individual MMWA claims, and Subpart (C) establishes the minimum number of plaintiffs required if the suit is a class action.  An MMWA suit that does not comport with the three requirements must be litigated in state court.

> The legislative history this interpretation of the statute.  The purpose of the $50,000.00 minimum amount in controversy is "to avoid trivial or insignificant actions" being pursued in federal courts.  H.R. Rep. No. 93-1107 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7702, 7724.  This purpose would be significantly undermined if the value of pendent state law claims could be relied upon to satisfy the $50,0000 jurisdictional threshold:

>> Were [Subpart B's] limitation of federal actions read to allow aggregation of the amounts sought in related state claims, Congress' purpose in crafting the section would be thwarted.  No longer would there be any difference between the set of MMWA cases cognizable in state court and those allowed in federal court because virtually all such warranty actions would surely include related state claims, particularly fraud claims, which, if allowed to be aggr[e]gated with the federal claim, would easily meet the
$50,000 requirement.  It follows that Congress' clear intent to limit federal jurisdiction over MMWA claims can be given proper effect only by construing the phrase in [Subpart B]–"all claims to be determined in this suit"–to mean "all MMWA claims."

> *Donahue v. Bill Page Toyota, Inc.*, 164 F.Supp.2d 778, 782 (E.D.Va. 2001). . . .

> Finally, an interpretation of Subpart (B) that would allow the aggregation of pendent state law claims to satisfy the $50,000 amount in controversy would be wholly inconsistent with the concept of supplemental jurisdiction.  A district court may exercise supplemental jurisdiction over pendent state law claims only if it

4

possesses original jurisdiction over a related federal cause of action. *See* 28 U.S.C. § 1367(a) (stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other [related] claims . . . ."). In other words, original jurisdiction is a *prerequisite* to the district court's exercise of supplemental jurisdiction. . . . If Subpart (B)'s reference to "all claims" included state claims, then in those cases where the MMWA claims are for less than $50,000, the district court would be deriving original jurisdiction over pendent state claims over which it can exercise supplemental jurisdiction only if it has original jurisdiction. An interpretation that condones such jurisdictional "bootstrapping" cannot be correct. Thus, the Court holds that Subpart (B)'s reference to "all claims" means *all MMWA claims.*

*Critney v. National City Ford, Inc.*, 255 F.Supp.2d 1146, 1147-49 (S.D. Cal. 2003)(some internal citations omitted).

This court agrees with the analysis set forth in *Critney*, and joins the vast majority of courts who have considered the issue to conclude that § 2310(d)(3) allows only claims under the MMWA to be aggregated when determining the jurisdictional amount. *See Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, (11th Cir. 1998)(per curiam)("[T]he amount in controversy for purposes of . . . § 2310(d)(3)(B) does not include damages flowing from any pendent state law claim brought by a plaintiff."); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1071 (5th Cir. 1984)(holding that pendent state law claims cannot be used to confer jurisdiction under the MMWA); *Donahue v. Bill Page Toyota, Inc.*, 164 F.Supp.2d 778, 782 (E.D.Va. 2001); *Rose v. A & L Motor Sales*, 699 F.Supp. 75, 77 (W.D.Pa. 1988)("We find no basis in logic or authority in the Act to allow plaintiff to incorporate damages recoverable under a pendent claim when calculating the amount in controversy with respect to a federal claim under the Act.").

Thus, the Misels may rely only upon their claim under the MMWA to establish the requisite amount in controversy. As this court already has observed, the Misels have stated that their claim for damages under the MMWA "does not add up to $50,000." *See* Pl.'s Mem. in

Opp. to Def.'s Mot. to Dismiss [DE-11] at p. 5. Thus, it appears to a "legal certainty" that the Misels cannot recover the jurisdictional amount, and this case must be dismissed for lack of subject matter jurisdiction. The Motion to Dismiss [DE-10] is ALLOWED.

SO ORDERED.

This the 29 day of July, 2010

James C. Fox
James C. Fox
Senior United States District Judge